UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

GLENN LANAIA,

        *Plaintiff,*


        -against-


TRANS UNION LLC *a/k/a* TRANSUNION,
EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES LLC, and
PORSCHE FINANCIAL SERVICES, INC.

        *Defendants.*

---------------------------------------------------------------------X

**FILED**
**CLERK**

**7/2/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM**
**AND ORDER**

26-CV-01903 (ENV) (JMW)

**A P P E A R A N C E S:**

Steven Amshen[1]
**Petroff Amshen LLP**
1795 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11230
*Attorney for Plaintiff*

Camille Renee Nicodemus
Ronnie Daniel Kawak
**Quilling, Selander, Lownds, Winslett & Moser, P.C.**
10333 N. Meridian Street, Suite 200
Indianapolis, Indiana 46290

      -and-

Joshua Allen Stiers
**Trans Union, LLC**
555 W. Adams St.
Chicago, IL 60661
*Attorneys for Defendant Trans Union, LLC*

Eunbi Choi
Jordan Wenik
**Goodwin Procter LLP**

---

[1] Upon review of the docket, it appears Steven Amshen has not filed a Notice of Appearance. Counsel must file one if counsel will continue representing Plaintiff in this matter.

1

620 Eighth Avenue
New York, NY 10018
*Attorneys for Defendant Experian Information Solutions, Inc.*

Forrest M. Seger, III
**Clark Hill PLC**
2301 Broadway St.
San Antonio, TX 78215
*Attorney for Defendant Equifax Information Services LLC*

*No appearance on this motion for Defendant Porsche Financial Services, Inc.*

**WICKS,** Magistrate Judge:

Glenn Lanaia ("Plaintiff"), commenced this action against Trans Union LLC a/k/a TransUnion ("TransUnion"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax", and collectively with TransUnion and Experian, the "CRA Defendants"), and Porsche Financial Services, Inc. ("Porsche" and collectively with CRA Defendants, the "Defendants"), alleging various violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* (*See generally*, ECF No. 1.)  Plaintiff's claims arise from a lease agreement entered into with Porsche, which was returned back to Porsche shortly after due to a vehicle malfunction.  (*See id.* at 4-5.)  In light of this, Plaintiff claims that upon return of the vehicle, no balance remained outstanding, and no debt should have been reported to the CRA Defendants.  (*Id.* at 5.)  Despite the foregoing, debt was reported and Plaintiff has since been damaged leading to denials of future credit applications.  (*Id.* at 5-6.)  Now before the Court is the CRA Defendants' Joint Motion to Stay Discovery (ECF No. 38), pending a ruling on their recently filed Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) (ECF No. 42), which Plaintiff opposes (ECF No. 41).  Porsche does not join in on this application, nor did it file an opposition. For the reasons that follow, Defendants' Joint Motion to Stay Discovery (ECF No. 38) is **GRANTED** in part and **DENIED** in part.

## <u>THE LEGAL FRAMEWORK</u>

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *L.N.K. International, Inc. v. Continental Casualty Company*, No. 22-CV-05184 (GRB)(JMW), 2023 WL 2614211, at *1 (E.D.N.Y. Mar. 23, 2023) (quoting *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010)) (citation omitted). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Gagliano v. United States*, No. 24-cv-07930 (SJB)(JMW), 2025 WL 1104042, at *2 (E.D.N.Y. Apr. 14, 2025) (internal citation omitted). Rather, "[u]nder Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Alloway v. Bowlero Corp.*, No. 24-CV-04738 (SJB) (JMW), 2025 WL 1220185, at *1 (E.D.N.Y. Apr. 28, 2025) (citing *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018)). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Brinkmann v. Town of Southold, New York*, No. 21-cv-02468 (LDH) (JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022) (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Vida Press v. Dotcom Liquidators, Ltd.*, 22-cv-2044 (HG)

3

(JMW), 2022 WL 17128638, at *1 (E.D.N.Y. Nov. 22, 2022) (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)).

## **DISCUSSION**

Consideration of the three factors warrants a partial stay under the circumstances presented. *First*, Defendants have preliminarily shown through their pre-motion conference letter, recently filed motion for judgment on the pleadings, and the instant motion that a majority of Plaintiff's claims are likely to be found unmeritorious and thus, are likely to be dismissed pursuant to Fed. R. Civ. P. 12(c).[2] (*See* ECF No. 24, 38, 42.) *Second*, limiting discovery would alleviate any burden that Defendants argue. And *third*, given the current posture of this case, the risk of unfair prejudice to Plaintiff is usually deemed low. Each of these factors is considered below.

### I.      *Defendants' Showing that Plaintiff's Claims are Unmeritorious*

The CRA Defendants have moved pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings. For a "Rule 12(c) motion for judgment on the pleadings, a court 'employ[s] the same ... standard applicable to dismissals pursuant to [Rule] 12(b)(6).'" *Finman v. TransUnion, LLC*, No. 23-CV-3537 (ENV) (VMS), 2026 WL 1173719, at *2 (E.D.N.Y. Apr. 30, 2026) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011)). Thus, to survive a motion to dismiss or a motion for judgment on the pleadings, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Crawford v. Duncan*, No. 11-CV-3774 (ENV), 2013 WL 1346382, at *3 (E.D.N.Y. Apr. 3, 2013) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). The "plausibility standard is not akin to a probability

---

[2] This conclusion is not intended in any way to pre-judge the motion for judgment on the pleadings which has yet to be fully briefed. This analysis is done solely for purposes of determining whether a discretionary stay is appropriate pending resolution of the motion for judgment on the pleadings.

requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Setarehshenas v. Nat'l Comm'n on Certification of Physician Assistants*, 437 F. Supp. 3d 214, 219 (E.D.N.Y. 2018) (quoting *Iqbal*, 556 U.S. at 678).

"[T]he FCRA is not a strict liability statute." *Phipps v. Experian Info. Sols., Inc.*, No. 25-CV-4754 (LLS), 2026 WL 1678253, *2 (S.D.N.Y. June 9, 2026) (quoting *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 721 (2d Cir. 2025)) (internal quotation marks omitted). "Merely reporting inaccurate information is insufficient to give rise to liability under the FCRA[.]" *Id.* (quoting *Abdallah v. LexisNexis Risk Sols. FL Inc.*, No. 19-CV-3609 (MB), 2021 WL 6197060, at *6 (E.D.N.Y. Dec. 30, 2021)).

Here, Plaintiff alleges that "[p]ursuant to 15 U.S.C. § 1681i(a), upon receipt of Plaintiff's dispute, the CRAs were required to conduct a reasonable reinvestigation to determine the accuracy of the disputed information and record the current status of the disputed information, or delete the item from the file, within thirty (30) days of receiving the dispute [but t]he CRAs failed to conduct a reasonable reinvestigation of Plaintiff's dispute." (ECF No. 1 at ¶¶ 54-55, 63-64.) Plaintiff further alleges that pursuant to 15 U.S.C. § 1681e(b), the CRA Defendants failed to follow reasonable procedures to ensure accuracy of Plaintiff's information by continuing to report an outstanding balance of $21,324.00, in connection with the vehicle that was returned. (*Id.* at ¶¶ 66-73.)

In order to state a claim under these two provisions, a plaintiff must allege facts showing that the information that the defendant reported about him is inaccurate. *Gestetener v. Equifax Info. Servs. LLC*, No. 18 Civ. 5665 (JFK), 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (collecting cases demonstrating that plaintiffs asserting claims under § 1681(e) and § 1681i must prove the disputed information is inaccurate). Similarly, a plaintiff fails to state a plausible cause

5

of action under the FCRA where he does not dispute the "factual accuracy of the size of existence of the debt itself." *Hossain v. Portfolio Recovery Assocs., LLC*, No. 22-cv-5124 (DLI) (MMH), 2023 WL 6155974, at *4 (E.D.N.Y. Sept. 21, 2023).

"Section 1681e(b) of the FCRA provides that '[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Dupervil v. Early Warning Services, LLC*, No. 25-CV-1616 (RPK) (LKE), 2026 WL 880215, *2 (E.D.N.Y. Mar. 31, 2026) (quoting 15 U.S.C. § 1681e(b)). "§ 1681i of the FCRA requires that consumer reporting agencies 'shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate.'" *Dupervil*, 2026 WL 880215, *2 (quoting 15 U.S.C. § 1681i(a)(1)(A)). Reasonable investigations are ones "that a reasonably prudent person would undertake under the circumstances." *Dupervil*, 2026 WL 880215, at *2 (quoting *Suluki v. Credit One Bank, NA*, 138 F.4th 709, 720 (2d Cir. 2025)) (internal quotation marks omitted).

"'[T]he threshold question' in an FCRA case 'is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary.'" *Miller v. Trans Union, LLC*, No. 25-CV-3370(JS)(JMW), 2026 WL 913153, at *2 (E.D.N.Y. Apr. 3, 2026) (quoting *Khan v. Equifax Info. Servs., LLC*, No. 18-CV-6367 (MKB), 2019 WL 2492762, at *2 (E.D.N.Y. June 14, 2019)); *see also Miller v. Trans Union, LLC*, No. 25-CV-03370 (JS) (JMW), 2025 WL 2677078, at *3 (E.D.N.Y. Sept. 18, 2025) (granting stay in similar circumstances). Here, the CRA Defendants argue that "accuracy is a complete defense against [FCRA] claims." (ECF No. 38-1 at 3.) Thus, the CRA Defendants further argue that Plaintiff's alleged dispute of the outstanding

6

balance is between Plaintiff and Porsche as to the validity of the lease agreement and not whether the CRA Defendants followed their statutory procedures. (*Id.* at 3-4.)

When reviewing pleadings on accurate reporting, "the Court need not credit mere conclusory statements." *Rhodes v. Transunion LLC*, 23-CV-0622 (LDH) (JAM), 2026 WL 875490, *3 (E.D.N.Y. Mar. 31, 2026). "To meet the requisite threshold to state a plausible § 1681e(b) or § 1681i claim, a plaintiff must not only allege that the information in a credit report is inaccurate, but [he] must also *demonstrate* that the disputed information is inaccurate." *Id.* (quoting *Khan*, 2019 WL 2492762, *3) (emphasis added). Here, it appears that Plaintiff's allegations are conclusory and a true dispute with Porsche rather than the CRA Defendants. Indeed, Plaintiff fails to allege that the CRA Defendants received notice from a credit reporting agency apart from Plaintiff himself in order to require further action. See e.g., *Hamadeh v. Cenlar FSB*, No. 25-CV-5401 (PKC), 2026 WL 1328606, at *5 (S.D.N.Y. May 13, 2026) ("[t]he statute is clear that the notice triggering these duties must come from a [credit reporting agency], not the consumer."); *Aleksandr Snitman v. BMW Financial Services*, No. 25-CV-4473 (JAM), 2026 WL 1884545 (E.D.N.Y. July 1, 2026) (same).

At this juncture, therefore, it appears Plaintiff's claims against the CRA Defendants may not survive a motion for judgment on the pleadings. The claims against Porsche, however, are unaffected by the pending motion for judgment on the pleadings.

## II.     *Breadth and Burden of Discovery*

In the absence of a stay, the parties will have to conduct all fact discovery, which as Defendants argue would "involve requests for document production, interrogatories, and multi-hour depositions[,]" for four separate defendants. (ECF No. 38-1 at 4.) Plaintiff disagrees and argues that Defendants have not identified any burden should discovery continue. (ECF No. 41 at

7

14.) Notably, Plaintiff asserts that staying discovery as to the CRA Defendants while the case proceeds as to Porsche, "would split a single, integrated factual inquiry into two, force overlapping depositions and document demands to be taken twice." (*Id.* at 13-14.) The Court tends to agree. "[A] party seeking a stay must proffer specific reasons why discovery is likely to be unusually complex." *Combs v. Burgess*, No. 25-CV-650 (JPC), 2026 WL 205571, at *2 (S.D.N.Y. Jan. 27, 2026). Moreover, the fact that the stay is sought by *only* three of the four defendants in this case, however, counsels in favor of denying the CRA Defendants' motion. This is furthered by the fact that "should the Court grant a stay in discovery and motion to dismiss, the moving parties would likely nevertheless be required to participate in discovery as to the non-moving defendant." *Allen v. New York State*, No. 24-CV-02800 (JS) (JMW), 2024 WL 4654220, at *5 (E.D.N.Y. Nov. 1, 2024); *Miller*, 2025 WL 2677078, at *3 (same).

Courts assessing this factor "look to whether discovery would reach such a wide breadth that good cause for a stay exists," which includes the "number of defendants and claims." *Choudhury v. NYC Health & Hosps. Corp.*, No. 25-CV-5240 (PAE), 2025 WL 2977837, at *4 (S.D.N.Y. Oct. 22, 2025) (citations omitted) (collecting cases). It is not enough to reiterate the standard without providing the Court with a proper basis of why discovery would be burdensome. *See id.* Here, there are five parties, which includes one plaintiff and four defendants. In addition, there are various claims for violations of the FCRA. Courts have granted stays of deposition discovery and expert discovery while a motion to dismiss is pending. *See e.g., Combs*, 2026 WL 205571, at *2; *Choudhury*, 2025 WL 2977837, at *5. "That is because, in practice, those aspects of discovery tend to generate substantial work and expense, and are apt to occur late in the discovery process, by which point it is reasonable to forecast that the Court's decision on the motion to dismiss will have issued or be imminent." *Choudhury*, 2025 WL

8

2977837, at *5. Moreover, the possibility of the action being narrowed by the Court's ruling on the anticipated motion, could create burdensome efforts that may be unnecessary. Given the circumstances present here, granting a partial stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER) (JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)).

Based on the above, considering the breadth of discovery, this factor weighs *in favor* of granting a partial stay.

### III.   Risk of Unfair Prejudice

This case is in its nascent stage, only commenced on March 31, 2026, and the Court only recently held an Initial Conference. "No substantive discovery has occurred." (ECF No. 38-1 at 5.)  "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021).  Courts in this Circuit grant short stays that will be vacated upon resolution of a pending motion and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting a stay absent prejudice due to early stages of litigation).

Plaintiff expresses concerns about a stay that, if granted, would lead to each month of further harm by the inaccurate credit reporting. (ECF No. 41 at 16.) Plaintiff argues that he is entitled to discovery now, and any delay will face "injury to his credit" while CRA Defendants will only face the ordinary litigation expenses. (*Id.* at 17.) The Court is persuaded by Plaintiff's

9

argument that granting the stay could result in prejudice to Plaintiff because of the alleged inaccuracies and resulting harm. Indeed, "courts ofttimes grant in part a motion to stay discovery and permit limited discovery pending resolution of a dispositive motion." *Miller*, 2025 WL 2677078, at \*4. Therefore, limited discovery may proceed. Specifically, the parties shall conduct solely paper discovery, and no depositions will be taken to avoid substantial expenses at this stage. *See Al Thani v. Hanke*, No. 20-CV-4765 (JPC), 2021 WL 23312, at \*2 (S.D.N.Y. Jan. 4, 2021) ("The Court finds that this limited discovery will substantially limit the burden of discovery while avoiding any undue prejudice to Plaintiff.")

Accordingly, careful consideration of the relevant factors and the parties' submissions demonstrates that good cause indeed exists to warrant a partial stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Stay (ECF No. 38) is **granted in part** and **denied in part**. The parties are directed to exchange Rule 26 initial disclosures to the extent that this has not been done, and conduct so-called paper discovery, including demands for documents, interrogatories and requests for admissions.  In the interim, deposition practice shall be held in abeyance pending determination of the motion for judgment on the pleadings. The end date for paper discovery shall be **September 4, 2026**.  If the motion is denied in any respect, the parties shall file a joint letter **within five business days** of that ruling outlining proposed dates and deadlines for the balance of the case for the Court's consideration.

Dated: Central Islip, New York
   July 2, 2026

**S O   O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
